**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ASHLIE LARSON,**
        **Plaintiff,**

**-vs-**                                            **Case No. 6:08-cv-718-Orl-28KRS**

**HERZING, INC.,**
        **Defendant.**

**ORDER**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF THE SETTLEMENT OF PLAINTIFFS' FLSA CLAIMS (Doc. No. 35)** |
| **FILED:** | **March 19, 2009** |

Plaintiff Ashlie Larson brought this case under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Larson and Defendant Herzing, Inc. (Herzing), seek the Court's approval of their settlement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

In her answers to the Court's interrogatories, Larson averred she was owed "$54,856.68 including liquidated damages," or, more clearly stated, $27,428.34 in overtime compensation and an equal amount in liquidated damages, for Herzing's alleged violations of the FLSA. Doc. No. 14 at

2. In the above-captioned motion, the parties represent Larson will receive $27,428.34 as a settlement of her FLSA claims. Doc. No. 35 ¶ 6.

The parties contend alternately that "[t]he sum Plaintiff will receive is equal to the total amount of unpaid overtime compensation she alleged to be due in her response to the Court's Interrogatories," *Id.* ¶ 7, and that the amount "is a fair and negotiated settlement of a disputed claim for overtime compensation." *Id.* ¶ 10.[1] It is unclear which of these two contentions in the joint motion are correct. If the parties have agreed that any alleged violation of the FLSA by Herzing was not willful, then Larson has not compromised her claim because she would receive the full amount of $27,428.34 in unpaid overtime compensation arguably due her. However, if the parties' contention that they have not agreed on full compensation but instead have "negotiated [a] settlement of a disputed claim" is correct, and Larson has received half the amount she averred she was owed, then she has compromised her FLSA claim and the Court must scrutinize whether the proposed settlement is reasonable.

If Larsen has compromised her claim, then in order to determine whether the agreed settlement amount is a fair resolution of the case, counsel for Plaintiff must disclose the extent to which Plaintiff's FLSA claims have, will, or could be compromised by deduction of attorney's fees, costs, or expenses, whether pursuant to a contract between Plaintiff and her counsel or otherwise. Plaintiff must also establish that the attorney's fees awarded to counsel for Plaintiff constitute "a reasonable

---

[1] I note that *Silva* indicates that a plaintiff is entitled to recover both compensation and liquidated damages. Therefore, payment of the full amount of overtime compensation sought is insufficient, alone, for the Court to conclude that there was no compromise of a plaintiff's claim.

attorney's fee" under the FLSA. *See Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir., Jan. 13, 2009);[2] *Zegers v. Countrywide Mortgage Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

A plaintiff "'bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)(quoting *Norman v. Hous. Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988)). A plaintiff may not simply aver that a particular hourly rate is reasonable, but must offer independent evidence of the type required by *Norman* to support the reasonableness of this hourly rate in the relevant geographic area. Such evidence may include the opinion of an expert witness[3] and citation to cases in which other courts have established through an expressed lodestar analysis a reasonable hourly rate for the professional seeking fees in the relevant geographic area.

"[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman v. Hous. Auth.*, 836 F.2d at 1303. At a minimum, this requires submission of contemporaneously recorded time records showing the individual who performed the work, the description of the tasks performed, and the number of hours worked on each task.

---

[2] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

[3] *See, e.g., Banner Group Corp. v. United States*, Case No. 6:06-cv-706-Orl-22KRS, Doc. No. 113-10 (expert witness declaration regarding reasonable attorneys' fees).

Accordingly, it is **ORDERED** that on or before March 27, 2009, counsel for Plaintiff shall file a sworn declaration that either

1. sets forth that the parties have agreed after an exchange of information that Defendant Herzing, Inc.'s alleged actions were not willful within the meaning of the FLSA and, therefore, Larson would not be entitled to liquidated damages and, accordingly, would receive full compensation for her FLSA claim under the settlement; or

2. provides evidence establishing that the attorney's fee awarded to counsel constitutes "a reasonable attorney's fee" under the FLSA, including a true and correct copy of a contemporaneously recorded time sheet detailing the work performed by counsel and other legal professionals, the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.), the hourly rate for each individual who performed any task, and the number of hours spent on each task.

**DONE** and **ORDERED** in Orlando, Florida on March 20, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE