# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ASHLIE LARSON,**
        **Plaintiff,**

**-vs-**                                Case No. 6:08-cv-718-Orl-28KRS

**HERZING, INC.,**
        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF THE SETTLEMENT OF PLAINTIFFS' FLSA CLAIMS (Doc. No. 35)**
>
> **FILED:** **March 19, 2009**

## I. PROCEDURAL HISTORY.

Plaintiff Ashlie Larson brought this case under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Larson and Defendant Herzing, Inc., seek the Court's approval of their settlement.

On March 19, 2009, the parties filed their joint motion. Doc. No. 35. The Court ordered counsel for Plaintiff to supplement the motion with verified time records and a sworn statement concerning the distribution of settlement funds. Doc. No. 36. Counsel for Plaintiff, David Spalter, Esq., filed his affidavit on March 27, 2009. Doc. No. 37 ("Spalter Aff."). In the above-captioned motion, the parties represent Larson will receive $27,428.34 as a settlement of her FLSA claims and

$10,000.00 for attorney's fees and costs. Doc. No. 35 ¶ 6. As the motion is unopposed, and Attorney Spalter has filed his affidavit containing the time records and an explanation of settlement distribution, it is ripe for consideration.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir., Jan. 13, 2009),[1] the Eleventh Circuit wrote that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at *1 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 2009 WL 73164, at *2. If the Court finds

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

### III. ANALYSIS.

#### A. Settlement Recovery.

In her answers to the Court's Interrogatories, Larson averred she was owed "$54,856.68 including liquidated damages,"or, more clearly stated, $27,428.34 in overtime compensation and an equal amount in liquidated damages. Doc. No. 14 at 2. In the above-captioned motion, the parties represent Larson will receive $27,428.34 as a settlement of her FLSA claims. Doc. No. 35 ¶ 6. Attorney Spalter avers that Plaintiff "made an informed decision to accept [the] settlement." Spalter Aff. ¶ 15.

Spalter's also avers that Larson compromised her FLSA claim by accepting her full wages "in exchange for her agreement to forego her claim for liquidated damages." *Id.* Spalter notes that to recover liquidated damages, Larson would have had to prevail on a number of legal and factual issues, including whether her estimate of the overtime hours she worked was accurate in the absence of records. Doc. No. 37 ¶ 15.

Because Larson has compromised her FLSA claim, the Court must consider whether the payment to Plaintiff's attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept.

#### B. Attorney's Fees and Costs.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). The Court "is itself an expert on the question [of reasonable fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (internal citations omitted).

The settlement agreement provides for a payment of $10,000.00 to Attorney Spalter for attorney's fees and costs. The motion discloses that Spalter's representation of Larson is subject to a contingent fee of 40%. Doc. No. 35 at 2 ¶ 9. Spalter represents that he agreed not to seek a contingency fee, however, but a reasonable fee less than "the amount that would be due if counsel sought [fees] through a *Lodestar* calculation." Doc. No. 35 at 2 ¶ 9 (emphasis in original). Spalter represents that a reasonable fee calculated at $300.00 per hour would have been $15,172.00, more than the amount he will receive as an attorney's fee under the settlement. *Id.*

Attorney Spalter has been licensed to practice law in Florida since 1992, Spalter Aff. ¶ 3. Spalter has achieved an "AV" rating through Martindale-Hubbell. *Id.* ¶ 6. He has practiced labor and employment law throughout his practice, and specialized in wage and hour claims pursuant to the FLSA. *Id.* ¶¶ 8-9. He attests that a reasonable hourly rate for his services is $300.00 per hour, *e.g.*, *id.* ¶ 11. He cited to other decisions of judges of this Court finding $300.00 per hour reasonable in FLSA cases for attorneys who have fewer years of experience. *Id.* ¶ 12. Based on this information, I conclude, in the absence of objection, that $300.00 is a reasonable hourly rate for Attorney Spalter's work as a lawyer in this case.

Spalter also submitted his time records of the work he performed in this case. Doc. No. 37-2. Spalter avers that he expended 38.28 hours of attorney time on the case. Having reviewed each of these entries, I find that all of Spalter's claimed hours are reasonable in the absence of objection.

Accordingly, the lodestar for Spalter's work in this case is $11,484.00. Because this amount exceeds the amount he will recover in attorney's fees and costs under the settlement agreement, I find that the payment of attorney's fees and costs under the settlement agreement did

not improperly influence the amount Larson agreed to accept under the settlement agreement. Accordingly, the Court need not scrutinize the settlement further to consider whether the hourly rates claimed by Plaintiff's attorney for other professionals, or the costs claimed by Plaintiff's attorney, are reasonable.

    *C. Fairness Finding.*

This case involved legal and factual issues disputed by the parties. See Section III. A. *supra*. Each side was represented by counsel, and all parties voluntarily agreed to the settlement amount. Accordingly, I find the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

**IV. RECOMMENDATION.**

For the reasons set forth above, I respectfully recommend that the Court find that the settlement agreement is fair and **GRANT** the motion. I further recommend that the Court:

    a.    **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

    b.    **PROHIBIT** Spalter from withholding any portion of the $27,428.34 payable to Larson under the settlement agreement;

    c.    **DENY** all pending motions as moot;

    d.    **DISMISS** the case with prejudice and **DIRECT** the Clerk of Court to close the file; and,

      e.      **ORDER** Spalter to provide a copy of the Court's Order to Plaintiff.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 8, 2009.

                                            *Karla R. Spaulding*
                                            KARLA R. SPAULDING
                                      UNITED STATES MAGISTRATE JUDGE